**20JE-CC00515**

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

| | |
|---|---|
| KATHLEEN ROHM., <br> an individual <br><br> Plaintiff, <br><br> vs. <br><br> PIONEER RESTAURANTS LLC <br> d/b/a HARDEES <br> a Missouri Limited Liability Company <br><br> <u>Serve:</u> <br> Registered Agent <br> CSC Lawyer's Incorporating Service Co. <br> 221 Bolivar Street <br> Jefferson City, MO 65101 <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. _____ <br> ) <br> ) <br> ) Division _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) |

## PETITION

PERSONAL INJURY - NEGLIGENCE

COMES NOW Plaintiff Kathleen Rohm and, for her cause of action against Defendant Pioneer Restaurants LLC d/b/a Hardees, states and alleges as follows:

1. Plaintiff Kathleen Rohm is a resident of Marion County, Arkansas.

2. Defendant Pioneer Restaurants LLC d/b/a Hardees (hereafter referred to as "Hardees") is and was at all times mentioned in this petition a corporation organized and existing under the laws of the State of Missouri.

3. The cause of action stated herein occurred in Jefferson County, Missouri.

4. Defendant Hardees owns and operates the restaurant commonly known as "Hardees" at 10610 Business 21 in Hillsboro, Jefferson Country, Missouri.



EXHIBIT A

5. Defendant Hardees owned and operated the restaurant commonly known as "Hardees" at 10610 Business 21 in Hillsboro, Missouri on the date of August 12, 2015.

6. The Hardees location at 10610 Business 21 in Hillsboro is a restaurant open to the general public.

7. Customers coming onto the premises to purchase food from Hardees are invitees.

8. Kathleen Rohm entered Hardees in Hillsboro to purchase food on or around August 12, 2015.

9. At that time, Kathleen Rohm purchased a sandwich and a cup of coffee while in the restaurant, then walked out of the restaurant towards Hardees' parking lot.

10. Ms. Rohm was wearing tennis shoes at the time, had her glasses on, and was alert.

11. Unbeknownst to Ms. Rohm, there was a large pothole in the parking lot in the pathway from the Hardees' restaurant exit to where her car was parked in the Hardees' parking lot.

12. The pothole was large enough such that it must have been developing for some time and constituted a dangerous condition on their property.

13. Hardees and its employees either knew or should have known about the pothole condition on their property.

14. Though Ms. Rohm was alert when walking back to her car, her foot hit the edge of the pothole while walking, causing her to trip and sending her forward and she fell to the ground, with the majority of the impact being to her left arm, left leg, and left side.

15. Ms. Rohm's ribs were in a lot of pain after the fall, particularly on the left side where they made a hard impact with the ground. Ms. Rohm's neck and shoulder were jarred from the impact as well.

16. Ms. Rohm was in severe pain and shock from the fall and was unable to get up afterwards.

17. Ms. Rohm She cried out for help and eventually persons nearby and Hardees employees came out to assist her.

18. Emergency medical services were called, and a paramedic that arrived on the scene lifted Ms. Rohm into an ambulance, as she was in severe pain and shock, registering extremely high blood pressure in the ambulance.

19. Defendant Hardees knew, or should have known, of the dangerous condition described and had ample opportunity to make their parking lot and walkways safe for invitees. If the pothole could not be fixed quickly, then Hardees could nevertheless had placed some kind of warning sign or cone to alert invitees to the dangerous condition present on their property.

20. Defendant was negligent:

a. In failing to repair or fix the large pothole present in their parking lot and walkway;

b. In failing to place signs warning its patrons of the dangerous pothole;

c. In failing to restrict the use of portions of the parking lot and walkway which presented danger to invitees;

d. In failing to provide a safe marked path for persons who intended to visit Hardees;

e. In failing to adequately warn Plaintiff Kathleen Rohm that the parking lot was dangerous as above described; and

f. In failing to provide Plaintiff Kathleen Rohm with a safe place to walk.

21. Ms. Rohm sustained the following injuries as a result of the fall caused by the pothole on Hardees' property:

a. Left knee pain;

b. Left shoulder pain;

c. Left ankle pain;

d. Left knee Degenerative Joint Disease;

e. Muscle aches;

f. Left sided rib pain;

g. Left elbow pain;

h. Chest wall contusion;

i. Abrasion of left elbow; and

j. Left scapular tenderness.

22. After the fall, Ms. Rohm missed four weeks of work and lost wages due to her injuries, due to significant pain she was in, particularly rib pain from the impact, as well as limited mobility in her left leg after the impact.

23. Ms. Rohm has continued to suffer from left knee pain and limited mobility since her fall. She has been treating with Knox Orthopaedics for over three years now, and has been advised by Dr. McConnell at Knox Orthopaedics that she needs a total knee replacement of the left knee in order to remedy her symptoms.

24. Plaintiff has incurred significant medical bills in treating her injuries caused by her fall at Hardees' property. Most significantly, the damage to her left knee has caused her to need a total knee replacement surgery in the opinion of Dr. Jason McConnell of Knox Orthopaedics. This total knee replacement will cost Ms. Rohm at least $35,000.00.

25. Prior to the aforesaid injuries, Plaintiff Kathleen Rohm was an able-bodied woman who was mobile and able to work. As a direct and proximate result of her injuries, she missed a

significant amount of work, endured severe pain and suffering, incurred significant medical bills, and will in the future suffer an impaired and diminished capacity for work, labor and pleasure.

WHEREFORE, Plaintiff Kathleen Rohm prays for judgment and damages against the Defendant Pioneer Restaurants LLC d/b/a Hardees in a reasonable amount in excess of Twenty Five Thousand Dollars ($25,000.00), together with costs herein incurred.

Respectfully submitted,

KRUSE LAW, LLC

/s/ Edward C. Kruse

Edward C. Kruse, MBEN 35595
2016 S. Big Bend Blvd.
St. Louis, MO 63117
Telephone : (314) 333-4141
Facsimile : (314) 558-3102
Email: EdK@StLouisAttorney.com
Attorneys for Plaintiff